**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUWA RALEIGH VINYARD, | No.    18-15651 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-07389-WHA |
| v. | |
| R. GOMEZ; W. WATERMAN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted September 18, 2019[**]

Before:    FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner Joshuwa Raleigh Vinyard appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging constitutional violations.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1162, 1168 (9th Cir. 2014) (en banc).  We affirm.

The district court properly granted summary judgment because Vinyard failed to exhaust administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (stating that proper exhaustion requires "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)).

We treat the judgment as a dismissal without prejudice.  *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." (citation and internal quotation marks omitted)).

**AFFIRMED.**